**IN THE UNITED STATES DISTRICT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JOE GANO,<br><br>Plaintiff,<br>v.<br><br>DONALD MARK EHART and SPREAD EAGLE, INC., a Delaware Corporation formerly known as Red Eagle Avionics, Inc.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 07-271 (***) |

**DEFENDANTS' OPPOSITION IN RESPONSE TO**
**PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT**

Defendants Donald Mark Ehart and Spread Eagle, Inc., by and through their counsel, Cross & Simon, LLC, hereby file this Opposition to Plaintiff's Motion for Judgment by Default, and in support thereof, respectfully state as follows:

**Background**

1. On or about August 25, 2006, David Cannavo and Red Eagle Avionics, LLC filed an action against Donald Mark Ehart and Spread Eagle, Inc. in the Court of Chancery of the State of Delaware (the "State Court Action"). The State Court Action alleges certain causes of action related to the sale of the business assets of Red Eagle Avionics, Inc. by Defendants in the State Court Action.

2. Defendants in the State Court Action were previously represented by Woloshin, Lynch, Natalie & Gagne, P.A.

3. On May 15, 2007, Cross & Simon, LLC, entered its appearance in the State Court Action on behalf of Defendants.

4. Discovery in the State Court Action is ongoing. Attached as Exhibit A is a copy of the case scheduling order in the State Court Action. In fact, this firm has been in contact with Mr. Gano's attorneys at Fox Rothschild since June 21, 2007, with respect to scheduling a deposition date for Mr. Gano in the State Court Action. Mr. Gano is scheduled to be deposed in the State Court Action on July 10, 2007.

5. On May 19, 2007, Joe Gano filed the above-captioned action in the United States District Court for the District of Delaware (the "District Court Action"). Mr. Gano alleges many, if not all, of the facts and circumstances set forth in the State Court Action.

6. On May 31, 2007, Mr. Ehart was served with the complaint in the District Court Action. Soon thereafter, Mr. Ehart contacted his attorneys at Cross & Simon, LLC to engage the services of this firm and to forward a copy of the complaint. At the time, the attorney speaking with Mr. Ehart mistakenly believed that the firm had been served or would be served with a courtesy copy of the complaint, due to the entry of appearance of this firm in the State Court Action.

7. On or about June 25, 2007, counsel for Mr. Ehart, John Wallen, realized he had not received the complaint in the District Court Action. Mr. Wallen immediately contacted plaintiff's counsel, Sophia Siddiqui, to request a copy of the Complaint. Counsel for Mr. Ehart believed he made clear that this firm would be representing Mr. Ehart in this action, that he needed a courtesy copy of the Complaint, and that he would be filing a response shortly. Counsel for Mr. Ehart believed that plaintiff's counsel would not seek a default without further notice to Cross & Simon, LLC.

8. Opposing counsel delivered a copy of the complaint to this office on June 25, 2007. Mr. Wallen, the attorney assigned to the case, was out of the office from the afternoon of June 25 through June 28, and did not see the Complaint until he returned on June 29, 2007.

9. Plaintiff filed the Motion for Judgment by Default on June 27, 2007. Plaintiff did not serve the Motion for Judgment by Default on this firm, notwithstanding Mr. Wallen had contacted Ms. Siddiqui on June 25, 2007. Immediately upon learning of the Motion for Judgment by Default, Mr. Wallen contacted counsel for the Plaintiff and requested that the Motion be withdrawn. Plaintiff's counsel refused.

10. Importantly, Plaintiff moved for default judgment under Fed.R.Civ.P. 55(b) before seeking an entry of default under Fed.R.Civ.P 55(a).

**Relief Requested**

11. Defendants respectfully request that this Court deny the Motion for Judgment by Default.

**Basis for Relief**

**I. Plaintiff Has Not Obtained an Entry of Default**

12. Plaintiff moved for default judgment before first obtaining an entry of default under Fed.R.Civ.P. 55(a). *See Limehouse v. State of Delaware, et al.*, 144 Fed. Appx. 921, 923 (3rd Cir. 2005) ("the District Court properly denied the motion because Limehouse failed to obtain entry of default prior to seeking a default judgment").

13. For this reason alone, the motion for default judgment should be denied and the matter should be permitted to move forward on the merits.

**II. A Motion for Entry of Default Should be Denied**

14. To the extent the Court permits Plaintiff to proceed with their motion as a motion for entry of default under Fed.R.Civ.P 55(a), the Court should deny the motion.

15. The standard to set aside an entry of default under Rule 55(a) is "for good cause shown," as set forth in Rule 55(c).

16. The facts set forth in Defendants' opposition clearly demonstrate good cause and the Court should set aside an entry of default.

17. The factors courts in this circuit must consider in order to determine whether to set aside an entry of default are: "(1) whether plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense, that is, whether the defendant's allegations, if established at trial, would constitute a complete defense to the action; and (3) whether the default was the result of the defendant's culpable conduct." *See Dambach v United States*, 211 Fed.Apprx. 105, 109 (3rd Cir. 2006). *See also, United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d. Cir. 1984). "In the Third Circuit, defaults are generally disfavored, and therefore, courts resolve, in close cases, doubts in favor of resolving the cases on the merits." *See Shearin v. Poole*, 2004 WL 609320 (D. Del. 2004) (Exhibit B attached hereto) (citing *Zawadski De Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987).

18. Plaintiff has not alleged, nor can he, that he will be prejudiced by the Defendants' failure to file a timely answer. Defendants filed an answer to the Complaint on the same date herewith, and Plaintiff will not been prejudiced by the few days delay in filing the Answer to the Complaint. This action has not been delayed in any meaningful way and Plaintiff cannot show under any circumstance a prejudice that justifies default and resolution of this case other than on the merits. This Court has stated that the lack of any allegation of prejudice weighs against the entry of a default. *See Shearin* at *1

19. Second, by the Complaint, Plaintiff alleges, *inter alia,* fraud. Defendants have meritorious defenses to Plaintiff's averments, which have been set forth fully in the State Court Action, and which are currently the subject of extensive written discovery and numerous depositions in the State Court Action. Additionally, it should be noted that Plaintiff was not a party to the transaction at the core of this case and had no privity with Defendants. Arguably, Plaintiff has no standing to assert a claim against the Defendants and certain other necessary parties (the Plaintiffs in the State Court Action) have not been joined to this action. "A defense is meritorious if, proved at trial, it would be a complete defense." *Id*. Because Defendants have meritorious defenses to this action, this Court should not enter a default.

20. Finally, there was no culpable conduct on the Defendants' part because Defendants diligently contacted their counsel in the State Court Action after they were served with the Complaint, and offered to forward counsel a copy of the Complaint. As set forth above, counsel mistakenly believed his firm had been or was going to be served with a copy of the Complaint at the time and stated that Defendants need not transmit a copy. When counsel realized he had not received the Complaint, he contacted Plaintiff's counsel and requested a copy. Counsel for Defendants believed with this contact that he had time to answer the complaint, and that Defendants would not be defaulted; that belief turned out to be false. Undersigned counsel has since made an official appearance in the case, filed this response and stands ready to defend this action on the merits. Again, Defendants have not evidenced any culpability that deserves punishment by default. *See Danbach* at 109-110 ("Defendants' failure to timely answer or otherwise respond to the complaint did not result from culpable actions (such as willful or bad faith conduct or deliberate trial strategy); it resulted from an oversight in light of the sudden hospitalization of counsel's parent.)

**A Motion for Default Judgment Should Be Denied**

21. To the extent the Court permits Plaintiff to proceed with their motion as a motion for default judgment under Rule 55(b), the motion should be denied.

22. When a motion for default has been filed, but no default has yet been entered, courts in this circuit have considered the same standard to set aside a request for entry of default and look to the same factors set forth in Section II above. *See Anderson v. General Motors Corp*., 2007 WL 1545870 (D. Del. 2007) (Exhibit C attached hereto).

23. This action has not been delayed in any meaningful way and Plaintiff cannot show under any circumstance a prejudice that justifies default and resolution of this case other than on the merits. Defendants have meritorious defenses and there was no culpable conduct on the Defendants' part.

WHEREFORE, for the foregoing reasons, Defendants request that the Court deny Plaintiff's Motion for Judgment by Default.

Dated: July 3, 2007
Wilmington, Delaware

CROSS & SIMON, LLC

By: /s/ John D. Wallen

Richard H. Cross, Jr. (No. 3576)
Christopher P. Simon (No. 3697)
John D. Wallen (No. 4319)
913 N. Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380
(302) 777-4200
(302) 777-4224 (facsimile)

Attorneys for Donald Mark Ehart and Spread Eagle, Inc.

# EXHIBIT “A”

**GRANTED**

EFiled: May 16 2007 12:10PM EDT
Transaction ID 14896685
Case No. 2379-VCS

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

| | |
|---|---|
| DAVID CANNAVO AND RED EAGLE AVIONICS, LLC, a Delaware limited liability company,<br>Plaintiff,<br>v.<br>DONALD MARK EHART AND SPREAD EAGLE, INC., a Delaware corporation formerly known as Red Eagle Avionics, Inc.,<br>Defendants. | C.A. No.: 2379-VCS |

**ORDER**

AND NOW, this _______ day of ______________, 2007, upon consideration of the Motion of Defendants to Amend Case Scheduling Order, it is hereby **GRANTED** and the Scheduling Order is amended as follows:

| Task | Date |
|---|---|
| Fact Discovery: | July 11, 2007 |
| Plaintiffs' Identification of Witness: | July 25, 2007 |
| Plaintiffs' Opening Expert Report(s): | August 8, 2007 |
| Defendants' Identification of Expert Witness: | August 15, 2007 |
| Defendants' Answering Expert Reports: | August 29, 2007 |
| Plaintiffs' Rebuttal Expert Report(s): | September 12, 2007 |
| Expert Depositions Completed: | October 3, 2007 |
| Deadline to File Motions to Amend Pleadings: | October 8, 2007 |
| Joint Pre-Trial Order and Pre-Trial Opening Briefs: | October 15, 2007 |
| Plaintiffs' and Defendants' Pre-Trial Answering Briefs: | October 30, 2007 |
| Pre-Trial Conference: | December 3, 2007 |
| Trial (two days): | December 5, 2007 |

BY THE COURT:

________________________________
Leo E. Strine, Jr., Vice Chancellor

Court: DE Court of Chancery

Judge: Strine, Leo E

File & Serve reviewed Transaction ID: 14886475

Current date: 5/16/2007

Case number: 2379-VCS

Case name: Cannavo, David et al vs Donald Mark Ehart et al

/s/ Judge Leo E Strine

# EXHIBIT "B"

Westlaw.

Not Reported in F.Supp.2d Page 2

Not Reported in F.Supp.2d, 2004 WL 609320 (D.Del.)

**(Cite as: Not Reported in F.Supp.2d)**

H

Shearin v. Poole
D.Del.,2004.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
K. Kay SHEARIN, Plaintiff,
v.
Timothy W. POOLE, Defendant.
**No. Civ.A. 03-580 JJF.**

March 23, 2004.

K. Kay Shearin, Wilmington, Delaware, Plaintiff, pro se.
Bruce C. Herron, of Akin & Herron, P.A., Wilmington, Delaware, for Defendant.

*MEMORANDUM OPINION*

FARNAN, J.

***1** Presently before the Court is Plaintiff's Motion for Entry of Default Judgment and Supporting Affidavit. (D.I.10.) For the reasons set forth below, the Court will deny the Motion.

BACKGROUND

Plaintiff filed the instant lawsuit on June 24, 2003 (D.I.2) and the Defendant was served on July 29, 2003. (D.I.9.) The Defendant did not timely file an answer. By her Motion, Plaintiff moves for entry of default judgment.[FN1]

FN1. Although Plaintiff moves for entry of default judgment, a party must move for entry of default prior to requesting the entry of default judgment. *See* Fed.R.Civ.P. 55(a). Because Plaintiff is proceeding pro se, the Court will construe Plaintiff's Motion as a motion for entry of default.

DISCUSSION

Plaintiff contends that the Court should enter default because the Defendant has not filed an answer to her Complaint. In response, Defendant contends that the Court should deny Plaintiff's Motion because this case is at an early stage of litigation and Plaintiff has not been prejudiced by any delay. Further, Defendant contends that he has a meritorious defense of lack of subject matter jurisdiction. Defendant also maintains that his failure to file an answer was not due to willful conduct or bad faith.

Although no default has been entered in the instant case, the Court concludes that the factors enumerated by the Third Circuit in *United States v. $ 55,518.05 in U.S. Currency,* 728 F.2d 192 (3d Cir.1984), for setting aside an entry of default counsel against granting Plaintiff's Motion. A decision to vacate the entry of default is left to the discretion of the district court. *Id.* In making this determination, courts consider: 1) whether the plaintiff will be prejudiced if the court sets aside the default; 2) whether the defendant has a meritorious defense; and 3) whether the default was a result of the defendant's culpable conduct. *Id.* In the Third Circuit, defaults are generally disfavored, and therefore, courts resolve, in close cases, doubts in favor of resolving the cases on the merits. *Zawadski De Bueno v. Bueno Castro,* 822 F.2d 416, 420 (3d Cir.1987) (citing *Gross v. Stereo Component Sys., Inc.,* 700 F.2d 120, 122 (3d Cir.1983)); *Farnese v. Gabnasco,* 687 F.2d 761, 764 (3d Cir.1982).

Plaintiff has not alleged that she will be prejudiced by Defendant's failure to timely file an answer. Thus, the first factor weighs against the entry of default. The Court also concludes that the second factor weighs against entry of default. A defense is meritorious if, proved at trial, it would be a complete defense. *$ 55,518.05,* 728 F.2d at 195 (citing *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3d Cir.1951)). Defendant contends that the Court is without subject matter jurisdiction over Plaintiff's claims. The defense of lack of subject matter jurisdiction is a complete defense.

Next, the Court concludes that the Defendant's conduct does not weigh strongly in favor of entering default. Legal counsel for the Defendant asserts that he was on vacation at the time he was forwarded Plaintiff's Summons and Complaint and that he promptly entered his appearance and filed a Motion to Dismiss, currently pending, shortly thereafter. The Defendant does not explain, however, why the attorney who first appeared in this action on his behalf was unable to respond to the Complaint.[FN2] Nevertheless, even when taking into account Defendant's failure to act despite having at least one

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d Page 3
Not Reported in F.Supp.2d, 2004 WL 609320 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

attorney available to respond to Plaintiff's Complaint, on the record before it the Court is without evidence sufficient to find " ' an inference of willfulness or bad faith [.]" ' *Zawardski,* 822 F.2d at 420 (quoting *Gross,* 700 F.2d at 124). At most, the Court finds a " breakdown in communication" between counsel and the Defendant, which under controlling precedent does not qualify as culpable conduct. *Id.*

> FN2. Two attorneys have made appearances in this case on behalf of Defendant. The first, Edward McNally, Esquire, noticed his appearance on June 26, 2003. The second, Bruce Herron, Esquire, noticed his appearance on August 28, 2003. Mr. McNally withdrew as counsel on September 5, 2003. (D.I.16.)

***2** In sum, the Court concludes that it must deny Plaintiff's Motion. Plaintiff has not established prejudice, the Defendant has a meritorious defense, and there is no evidence supporting a finding that Defendant's or his attorney's actions were culpable.

An appropriate Order will be entered.

*ORDER*

At Wilmington, this 23rd day of March 2004, for the reasons discussed in the Memorandum Opinion issued this date;

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default Judgment and Supporting Affidavit (D.I.10) is *DENIED.*

D.Del.,2004.
Shearin v. Poole
Not Reported in F.Supp.2d, 2004 WL 609320 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Anderson v. General Motors Corp.
D.Del.,2007.
Only the Westlaw citation is currently available.Roland C. ANDERSON, Plaintiff,
v.
GENERAL MOTORS CORP., Defendant.
**Civil Action No. 05-877-JJF.**

May 29, 2007.

Roland C. Anderson, Wilmington, DE, Pro Se Plaintiff.
Michael Busenkell, Esquire of Eckert Seamans Cherin & Mellott, LLC, Wilmington, DE, for Defendant.

***MEMORANDUM OPINION***

FARNAN, District Judge.
***1** Pending before the Court is Plaintiff's Motion For A Default Judgment (D.I.15). For the reasons set forth below, the Court will deny the Motion.

**I. BACKGROUND**

Plaintiff filed the instant lawsuit on December 19, 2005 pursuant to Title VII of the Civil Rights Act of 1964 for race discrimination in connection with his employment by Defendant. A Return Of Service was executed stating that " Terry Tyndall, People's Systems Admin." was served with process on March 29, 2006 (D.I.9). Defendant General Motors did not timely file an answer. Plaintiff now moves for entry of default judgment.[FN1]

FN1. Although Plaintiff moves for entry of default judgment, a party must move for entry of default prior to requesting the entry of default judgment. *See* Fed R. Civ. P. 55(a). Because Plaintiff is proceeding *pro se*, the Court will construe the Motion as a motion for entry of default.

**II. DISCUSSION**

By his Motion, Plaintiff contends that the Court should enter default because Defendant has not filed an answer or other response to the Complaint. In response, Defendant contends that entry of default is not warranted because service of process was procedurally deficient. Specifically, Defendant contends that Terry Tyndall was not a person authorized to receive service on behalf of GM and that it did not learn of the proceedings until August 24, 2006. Defendant filed an Answer contemporaneous with its response to Plaintiff's Motion (D.I.17-3).

Although no default has been entered in the instant case, the Court concludes that the factors enumerated by the Third Circuit in *United States v. $55.518.05 in U.S. Currency,* 728 F.2d 192 (3d. Cir.1984), for setting aside an entry of default counsel against granting Plaintiff's Motion. A decision to vacate the entry of default is left to the discretion of the district court. *Id.* In making this determination, courts consider: 1) whether the plaintiff will be prejudiced if the court sets aside the default; 2) whether the defendant has a meritorious defense; and 3) whether the default was a result of the defendant's culpable conduct. *Id.* In the Third Circuit, defaults are generally disfavored, and therefore, in close cases, courts must construe doubts in favor of resolving the cases on the merits. *Zawadski De Bueno v. Bueno Castro,* 822 F.2d 416, 420 (3d. Cir.1987) (citations omitted).

In this case, the Court concludes that the factors weigh against the entry of default. Defendant filed an Answer with its response to Plaintiff's Motion within four business days after Plaintiff moved for default judgment. Even assuming *arguendo* that service of process was proper and Defendant was not timely in its response to the Complaint, Plaintiff has not alleged that he will be prejudiced by the delay. Thus, the first factor weighs against the entry of default. Next, the Court concludes that Defendant's Answer alleges a meritorious defense because it would provide a complete defense if proved at trial. *see* *$55,518.05* 728 F.2d at 195. Further, the Court concludes that the default was not a result of Defendant's culpable conduct. " In this context, culpable conduct means actions taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.,* 700 F.2d 120, 123-24 (3d. Cir.1983). By affidavit, Mr. Tyndall asserts that he believed the documents served upon him pertained to a pending Equal Employment Opportunity Commission Complaint filed by the Plaintiff separate from the instant action. (D.I.21, Ex. A). Mr. Tyndall stated he did not intentionally disregard the documents or intentionally withhold

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

them from Defendant's legal department. *Id.* Thus, the Court concludes that, under the circumstances, there is insufficient evidence on the record to find wilfulness or bad faith.

***2** In sum, the Court concludes that entry of default is not warranted because Plaintiff has not established prejudice, the Defendant has a meritorious defense, and there is insufficient evidence of culpable conduct by the Defendant. Accordingly, the Court will deny Plaintiff's Motion.

An appropriate Order will be entered.

***ORDER***

At Wilmington, this 29 day of May 2007, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that Plaintiff's Motion For Default Judgment (D.I.15) is ***DENIED.***

D.Del.,2007.
Anderson v. General Motors Corp.
Slip Copy, 2007 WL 1545870 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**CERTIFICATE OF SERVICE**

      I, John D. Wallen, hereby certify that on July 3, 2007, I caused to be served a copy of the Defendants' Opposition in Response to Plaintiff's Motion for Judgment by Default upon the following parties listed below in the manner indicated:

| **VIA HAND DELIVERY** | **VIA FIRST CLASS MAIL** |
|---|---|
| Sophia Siddiqui, Esquire<br>Gregory B. Williams, Esquire<br>Fox Rothschild LLP<br>Citizens Bank Center<br>919 N. Market Street, Suite 1300<br>P.O. Box 2323<br>Wilmington, DE 19899-2323<br><br>**VIA FIRST CLASS MAIL**<br><br>Todd B. Nurick, Esquire<br>Nurick Law Group<br>111 West Germantown Pike<br>Plymouth Meeting, PA 19462 | Wendy G. Rothstein, Esquire<br>Fox Rothschild LLP<br>1250 South Broad Street<br>P.O. Box 431<br>Lansdale, PA 19446-0341 |

                                              /s/ John D. Wallen
                                              John D. Wallen (No. 4319)