IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOE GANO, | ) |
| | ) |
|         Plaintiff, | ) |
| v. | ) |
| | )    No. 07-271 (***) |
| DONALD MARK EHART and | ) |
| SPREAD EAGLE, INC., a Delaware | ) |
| Corporation formerly known as Red | ) |
| Eagle Avionics, Inc., | ) |
| | ) |
|         Defendants. | ) |

## DEFENDANTS' ANSWER TO COMPLAINT

1. Defendants can neither admit nor deny the allegations contained in paragraph 1 of the Complaint. However, to the extent that an answer is deemed required of Defendants, said allegations are denied.

2. Admitted.

3. Admitted. By way of further response, the company "services" include rental income as well.

4. Admitted.

5. Paragraph 5 states a legal conclusion; no responsive pleading is required.

6. Paragraph 6 states a legal conclusion; no responsive pleading is required.

7. Admitted on information and belief.

8. Defendants can neither admit nor deny the allegations contained in paragraph 8 of the Complaint. However, to the extent that an answer is deemed required of Defendants, said allegations are denied.

9. Denied as stated. Ehart believes he had met Gano on several occasions over a few years.

10. Denied as stated. Ehart first considered the sale prior to that time.

11. Denied as stated. By way of further response, Defendants do no recall who initiated the discussions.

12. Admitted he provided the information requested. The document speaks for itself.

13. Denied as stated. To the extent the allegation is attempting to claim that Brousseau & Brousseau, P.A. prepared it, admitted.

14. Denied.

15. Denied.

16. Admitted.

17. Defendants are without sufficient information to admit or deny.

18. Admitted that the sale was structured as an asset sale for $2,200,000. The sale documents speak for themselves.

19. Defendants can neither admit nor deny the allegations contained in paragraph 19 of the Complaint. However, to the extent that an answer is deemed required of Defendants, said allegations are denied.

20. Admitted.

21. Denied.

22. Defendants can neither admit nor deny the allegations contained in paragraph 22 of the Complaint. However, to the extent that an answer is deemed required of Defendants, said allegations are denied.

23. Defendants can neither admit nor deny the allegations contained in paragraph 23 of the Complaint. However, to the extent that an answer is deemed required of Defendants, said allegations are denied.

24. Defendants can neither admit nor deny the allegations contained in paragraph 24 of the Complaint. However, to the extent that an answer is deemed required of Defendants, said allegations are denied.

25. Defendants can neither admit nor deny the allegations contained in paragraph 25 of the Complaint. However, to the extent that an answer is deemed required of Defendants, said allegations are denied.

26. Denied.

27. Defendants can neither admit nor deny the allegations contained in paragraph 27 of the Complaint. However, to the extent that an answer is deemed required of Defendants, said allegations are denied.

28. Denied.

29. Defendants can neither admit nor deny the allegations contained in paragraph 29 of the Complaint. However, to the extent that an answer is deemed required of Defendants, said allegations are denied.

30. Admitted.

31. The agreement speaks for itself.

32. Admitted that a non-competition agreement was signed. The document speaks for itself.

33. Admitted.

34. Admitted.

## COUNT I

35. Defendants incorporate their response as to paragraphs 1 through 20 as though fully set forth herein.

36. Denied.

37. Admitted.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Defendants can neither admit nor deny the allegations contained in paragraph 43 of the Complaint. However, to the extent that an answer is deemed required of Defendants, said allegations are denied.

44. Defendants can neither admit nor deny the allegations contained in paragraph 44 of the Complaint. However, to the extent that an answer is deemed required of Defendants, said allegations are denied.

45. Defendants can neither admit nor deny the allegations contained in paragraph 45 of the Complaint. However, to the extent that an answer is deemed required of Defendants, said allegations are denied.

46. Defendants can neither admit nor deny the allegations contained in paragraph 46 of the Complaint. However, to the extent that an answer is deemed required of Defendants, said allegations are denied.

47. Defendants can neither admit nor deny the allegations contained in paragraph 47 of the Complaint. However, to the extent that an answer is deemed required of Defendants, said allegations are denied.

48. Defendants can neither admit nor deny the allegations contained in paragraph 48 of the Complaint. However, to the extent that an answer is deemed required of Defendants, said allegations are denied.

49. Denied.

## COUNT II

50. Defendants incorporate their response as to paragraphs 1 through 20 as though fully set forth herein.

51. Denied.

   a. Denied

   b. Denied.

   c. Denied.

52. Denied.

53. Defendants can neither admit nor deny the allegations contained in paragraph 53 of the Complaint. However, to the extent that an answer is deemed required of Defendants, said allegations are denied.

54. Defendants can neither admit nor deny the allegations contained in paragraph 54 of the Complaint. However, to the extent that an answer is deemed required of Defendants, said allegations are denied. Furthermore, Defendants deny that rescission is appropriate under the circumstances.

55. Denied that Plaintiffs are entitled to any remedy either at law or in equity.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim for which relief can be granted.

2. Plaintiff has failed to plead averments of fraud and mistake with particularity as required by Fed.R.Civ.P. 9.

3. This Court lacks subject matter jurisdiction.

4. Plaintiff has filed its claims in an improper venue.

5. Plaintiff's claims are barred by doctrines of *res judicata*, *stare decisis*, issue and claim preclusion, laches, waiver, and estoppel.

6. Plaintiff's claims are barred by doctrine of accord and satisfaction.

7. Plaintiff has failed to join necessary and indispensable parties to this action as required by Fed.R.Civ.P. 19.

8. Plaintiff lacks standing.

Dated:  Dated: July 3, 2007                     CROSS & SIMON, LLC
              Wilmington, Delaware

   /s/ John D. Wallen
Richard H. Cross, Jr. (No. 3576)
Christopher P. Simon (No. 3697)
John D. Wallen (No. 4319)
913 N. Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380
(302) 777-4200
(302) 777-4224 (facsimile)

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

      I, John D. Wallen, hereby certify that on July 3, 2007, I caused to be served a copy of the Defendant's Answer to Complaint upon the following parties listed below in the manner indicated:

| **VIA HAND DELIVERY** | **VIA FIRST CLASS MAIL** |
|---|---|
| Sophia Siddiqui, Esquire<br>Gregory B. Williams, Esquire<br>Fox Rothschild LLP<br>Citizens Bank Center<br>919 N. Market Street, Suite 1300<br>P.O. Box 2323<br>Wilmington, DE 19899-2323<br><br>**VIA FIRST CLASS MAIL**<br><br>Todd B. Nurick, Esquire<br>Nurick Law Group<br>111 West Germantown Pike<br>Plymouth Meeting, PA 19462 | Wendy G. Rothstein, Esquire<br>Fox Rothschild LLP<br>1250 South Broad Street<br>P.O. Box 431<br>Lansdale, PA 19446-0341 |

           /s/ John D. Wallen
          John D. Wallen (No. 4319)