IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOE GANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   1:07-cv-00271 |
| | ) | |
| DONALD MARK EHART and | ) | |
| SPREAD EAGLE, INC., a Delaware | ) | |
| Corporation formerly known as Red | ) | |
| Eagle Avionics, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION IN
RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT**

Plaintiff, Joe Gano, by and through his attorneys, Fox Rothschild LLP, hereby files

the following Reply to Defendants' Opposition in Response to Plaintiff's Motion for

Judgment by Default, and in support thereof avers as follows:

**Background**

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Denied.  Plaintiff's Complaint was filed on May 18, 2007.  By way of further

answer, Plaintiff's Complaint in the instant action, and the Complaint filed by David

Cannavo and Red Eagle Avionics, LLC in the Court of Chancery of the State of Delaware,

are documents that speak for themselves.

6.      Admitted in part, denied in part.  It is admitted only that both Defendants

were served with Plaintiff's Complaint on May 31, 2007. The remaining averments contained in this Paragraph are denied. By way of further answer, it is denied that soon after the filing of the Complaint, Ehart contacted Cross & Simon to engage the services of said firm and/or to forward a copy of the Complaint. On the contrary, on June 29, 2007, Attorney Wallen stated that he had checked the court dockets on May 20, 2007 via DNS, and saw that this action had been filed. Mr. Wallen further indicated that Cross & Simon had not been retained to represent Defendants in this action until after Defendants received the instant Motion for Default Judgment; that Cross & Simon had not previously received any form of payment to represent Defendants in this action; that no fee agreement had previously been executed to create an attorney-client relationship between Defendants and Cross & Simon with respect to this action. (See Affidavit of Todd Nurick, Esquire, a true and correct copy of which is attached hereto as Exhibit "A," at ¶ 7.) In addition, Attorney Wallen stated that he never advised Defendants that Cross & Simon was representing Defendants in this action or was going to file an Answer on behalf of Defendants. (See Affidavit of Todd Nurick, Esquire, at ¶ 8.)

7.      Admitted in part, denied in part. It is admitted only that on or about June 25, 2007, Attorney Wallen contacted Sophia Siddiqui, Esquire to request a copy of Plaintiff's Complaint, and that Attorney Siddiqui caused a copy of same to be delivered to Attorney Wallen. The remaining averments contained in this Paragraph are denied. By way of further answer, it is denied that "counsel for Mr. Ehart believed he made clear that [Cross & Simon] would be representing Mr. Ehart in this action, that he needed a courtesy copy of the Complaint, and that he would be filing a response shortly." On the contrary, on June

2

29, 2007, Attorney Wallen stated that he had checked the court dockets on May 20, 2007 and saw that this action had been filed; that as of the conversation with Attorney Nurick on June 29, 2007:  Cross & Simon had not been retained to represent Defendants in this action until after Defendants received the instant Motion for Default Judgment; that Cross & Simon had not previously received any form of payment to represent Defendants in this action; that no fee agreement had previously been executed to create an attorney-client relationship between Defendants and Cross & Simon with respect to this action.  (See Affidavit of Todd Nurick, Esquire, at ¶ 7.)  In addition, Attorney Wallen stated that he never advised Defendants that Cross & Simon was representing Defendants in this action or was going to file an Answer on behalf of Defendants.  (See Affidavit of Todd Nurick, Esquire, at ¶ 8.)  Further, at no time did Defendants or their counsel ever request an extension of time in which to file an Answer to Plaintiff's Complaint.  (See Affidavit of Todd Nurick, Esquire, at  ¶ 11.)

8.      Admitted in part, denied in part.  It is admitted only that on or about June 25, 2007, Attorney Siddiqui caused a copy of Plaintiff's Complaint to be delivered to Attorney Wallen.  The remaining averments contained in this Paragraph are denied.

9.      Admitted in part, denied in part.  It is admitted only that Plaintiff filed the instant Motion for Judgment by Default on June 27, 2007, and that said Motion was not formally served upon Cross & Simon, insofar as it was not entered as counsel of record for Defendants until June 29, 2007.  The remaining averments contained in this Paragraph are denied.

10.      Denied.  The averments contained in this Paragraph constitute conclusions of

WM1A 102675v2 07/09/07

law to which no further response is required, and are therefore denied.  By way of further

answer, and to the extent facts are pled, the averments contained in this Paragraph are

denied, insofar as they consist of summarizations or characterizations of Plaintiff's Motion

for Judgment by Default, which is a document that speaks for itself.  By way of further

answer, Plaintiff's Motion for Judgment by Default properly seeks the entry of default

judgment pursuant to Rule 55(b)(2) because Defendants failed to timely plead or otherwise

defend the claims presented in Plaintiff's Complaint as provided under the Rules, and

because Plaintiff's Complaint does not request damages that are for a sum certain.

**Relief Requested**

11.     Denied.  By way of further answer, Plaintiff, Joe Gano, respectfully requests

that the Court enter judgment by default in his favor and against the Defendants, Donald

Mark Ehart and Spread Eagle, Inc., a Delaware Corporation formerly known as Red Eagle

Avionics, Inc. in the minimum amount of $1,152,069.40 plus interest, additional damages,

and equitable relief to be determined after hearing.

**Basis for Relief**

**I.      Defendants' Argument That Plaintiff Has Not Obtained an Entry of Default**

12.     Denied.  The averments contained in this Paragraph constitute conclusions of

law to which no further response is required, and are therefore denied.  By way of further

answer, and to the extent facts are pled, the averments contained in this Paragraph are

denied, insofar as they consist of summarizations or characterizations of Plaintiff's Motion

for Judgment by Default, which is a document that speaks for itself.  By way of further

answer, Plaintiff's Motion for Judgment by Default properly seeks the entry of default

4

judgment pursuant to Rule 55(b)(2) because Defendants failed to timely plead or otherwise

defend the claims presented in Plaintiff's Complaint as provided under the Rules, and

because Plaintiff's Complaint does not request damages that are for a sum certain.

Although "Rule 55(a) allows the court clerk to enter a default against a party on its failure

to plead or otherwise defend," "when the claim is unliquidated, plaintiff must apply to the

court for a 'judgment by default.'"  Durant v. Husband, 28 F.3d 12, 15 (3d Cir. 1994).  Thus,

in determining such a motion, the court may conduct a hearing where it is necessary "to

determine the amount of damages."  Id.

13.     Denied.  The averments contained in this Paragraph constitute conclusions of

law to which no further response is required, and are therefore denied.  By way of further

answer, and to the extent facts are pled, the averments contained in this Paragraph are

denied.  Although "Rule 55(a) allows the court clerk to enter a default against a party on its

failure to plead or otherwise defend," "when the claim is unliquidated, plaintiff must apply

to the court for a 'judgment by default.'"  Durant, 28 F.3d at 15.  Thus, in determining such

a motion, the court may conduct a hearing where it is necessary "to determine the amount

of damages."  Id.

## II.     Defendants' Argument That A Motion for Entry of Default Should be Denied

14.     Denied.  The averments contained in this Paragraph constitute conclusions of

law to which no further response is required, and are therefore denied.  By way of further

answer, and to the extent facts are pled, the averments contained in this Paragraph are

denied.  Plaintiffs' Motion for Judgment by Default should be granted because Defendants

failed to timely plead or otherwise defend the claims presented in Plaintiff's Complaint as

provided under the Rules, and because Plaintiff's Complaint does not request damages that are for a sum certain.

15.    Denied.  The averments contained in this Paragraph constitute conclusions of law to which no further response is required, and are therefore denied.  By way of further answer, Defendants erroneously recite the alleged standard for *setting aside* an entry of a default judgment, rather than reciting the standard for entering a default judgment, which is the relief requested in the instant Motion.  There is no pending motion to set aside a default judgment and in any event, no "good cause" need be shown in order for the Court to enter default judgment in favor of Plaintiffs in this action.  On the contrary, Rule 55 permits the entry of a default judgment where the defendant "has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise."   F.R.C.P. 55(a).   Here, Plaintiffs are clearly entitled to the entry of default judgment because Defendants have failed to timely plead or otherwise defend the claims in Plaintiff's Complaint in accordance with the Rules.

16.    Denied.  The averments contained in this Paragraph constitute conclusions of law to which no further response is required, and are therefore denied.  By way of further answer, Defendants erroneously recite the alleged standard for *setting aside* an entry of a default judgment, rather than reciting the standard for entering a default judgment, which is the relief requested in the instant Motion.  There is no pending motion to set aside a default judgment and in any event, no "good cause" need be shown in order for the Court to enter default judgment in favor of Plaintiffs in this action.  On the contrary, Rule 55 permits the entry of a default judgment where the defendant "has failed to plead or

WM1A 102675v2 07/09/07

otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." F.R.C.P. 55(a). Here, Plaintiffs are clearly entitled to the entry of default judgment because Defendants have failed to timely plead or otherwise defend the claims in Plaintiff's Complaint in accordance with the Rules.

17.    Denied. The averments contained in this Paragraph constitute conclusions of law to which no further response is required, and are therefore denied. By way of further answer, Defendants erroneously recite the alleged standard for *setting aside* an entry of a default judgment, rather than reciting the standard for entering a default judgment, which is the relief requested in the instant Motion. Furthermore, even assuming, <u>arguendo</u>, that the alleged standards recited by Defendants for setting aside the entry of a default judgment were applicable to Plaintiff's Motion, Plaintiff would be entitled to the entry of default judgment because the Defendants have asserted no meritorious defense and because the default was the result of the Defendants' culpable conduct.

18.    Denied. The averments contained in this Paragraph constitute conclusions of law to which no further response is required, and are therefore denied. By way of further answer, Rule 55 does not require Plaintiff to demonstrate prejudice as a result of Defendants' failure to file a timely answer to the Complaint in order to obtain the entry of a default judgment. Furthermore, even assuming, <u>arguendo</u>, that the alleged standards recited by Defendants for setting aside the entry of a default judgment were applicable to Plaintiff's Motion for Judgment by Default, Plaintiff would still be entitled to the entry of default judgment because the Defendants have asserted no meritorious defense and because the default was the result of the Defendants' culpable conduct. Courts in the Third

Circuit will uphold a default judgment even in the absence of prejudice, where the defendant fails to assert a meritorious defense and/or where the default was the result of the defendant's culpable conduct.  See United States v. A Single Story Double Wide Trailer, 727 F.Supp. 149 (D. Del. 1989).

19.    Denied.  The averments contained in this Paragraph constitute conclusions of law to which no further response is required, and are therefore denied.  By way of further answer, Defendants erroneously recite the alleged standard for *setting aside* an entry of a default judgment, rather than reciting the standard for entering a default judgment, which is the relief requested in the instant Motion.  Furthermore, even assuming, arguendo, that the alleged standards recited by Defendants for setting aside the entry of a default judgment were applicable to Plaintiff's Motion, Plaintiff would be entitled to the entry of default judgment because the Defendants have asserted no meritorious defense to Plaintiff's claims.  The burden of proving a meritorious defense falls on the defendant, and "[t]he pleading of conclusory statements or simple denials, without alleging the specific facts supporting the claim, is insufficient" to establish a meritorious defense.  Single Story Double Wide Trailer, 727 F.Supp. at 152.  See also United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 196 (3d Cir. 1984) (no meritorious defense asserted where defendant's answer "is couched solely in conclusionary language and is nothing more than a verbatim excerption of the statutory language.").  Thus, a defendant cannot avoid a default judgment "automatically upon alleging a defense," but rather, must "set forth with some specificity the grounds for his defense," which the court must then evaluate to determine whether it is meritorious.  Harad v. Aetna Cas. and Sur. Co., 839 F.2d 979, 982

(3d Cir. 1988). Here, Defendants' untimely Answer contains mere denials of Plaintiff's allegations and boilerplate affirmative defenses, and is completely devoid of any substantive averments in response to Plaintiff's Complaint.

20.    Denied. The averments contained in this Paragraph constitute conclusions of law to which no further response is required, and are therefore denied. By way of further answer, Defendants erroneously recite the alleged standard for *setting aside* an entry of a default judgment, rather than reciting the standard for entering a default judgment, which is the relief requested in the instant Motion. Furthermore, even assuming, arguendo, that the alleged standards recited by Defendants for setting aside the entry of a default judgment were applicable to Plaintiff's Motion, Plaintiff would be entitled to the entry of default judgment because the Defendants were culpable in their willful failure to file a timely response to Plaintiff's Complaint. Defendants admit that they were parties in a related state court action and, therefore, were at all times aware of their obligation to respond to Plaintiff's Complaint in this action. (See Defendants' Opposition in Response to Plaintiff's Motion for Judgment by Default, at ¶ 1.) Where a defendant is not ignorant of the fact that he is required to respond to the complaint but nevertheless ignores this requirement, he will be deemed culpable for the default. Single Story Double Wide Trailer, 727 F.Supp. at 153. Furthermore, where a plaintiff has been properly served with a complaint and simply fails to appear or have his attorney appear on his behalf, "his absence is culpable rather than excusable." Kelly M. v. Luzerne Intermediate Unit, 71 Fed. Appx. 116, 119 (3d Cir. 2003). Defendants were served with Plaintiff's Complaint on May 31, 2007, and chose not to file a timely Answer or take any other action in response thereto. On June

WM1A 102675v2 07/09/07

29, 2007, Attorney Wallen stated that he had checked the court dockets on May 20, 2007 and saw that this action had been filed; that Cross & Simon had not been retained to represent Defendants in this action until after Defendants received the instant Motion for Default Judgment; that Cross & Simon had not previously received any form of payment to represent Defendants in this action; that no fee agreement had previously been executed to create an attorney-client relationship between Defendants and Cross & Simon with respect to this action.  (See Affidavit of Todd Nurick, Esquire, at ¶ 7.)  In addition, Attorney Wallen stated that he never advised Defendants that Cross & Simon was representing Defendants in this action or was going to file an Answer on behalf of Defendants.  (See Affidavit of Todd Nurick, Esquire, at ¶ 8.)  Thus, it is clear that Defendants decided not to hire an attorney or take any other action with respect to Plaintiff's Complaint until after the instant Motion for Judgment by Default was filed.  Even "repeated efforts to find an attorney do not constitute excusable neglect where the claimant does not attempt to enter a pro se appearance or to explain the situation to the opposing party or the court."  Single Story Double Wide Trailer, 727 F.Supp. at 154.   Defendants' willful failure to hire an attorney and/or file a timely Answer to Plaintiff's Complaint, when they knew about the action and their obligation to respond, clearly establishes their culpable conduct and warrants the entry of default judgment.

### [III.] Defendants' Argument That A Motion for Default Judgment Should Be Denied

21.     Denied.  The averments contained in this Paragraph constitute conclusions of law to which no further response is required, and are therefore denied.  By way of further answer, and to the extent facts are pled, the averments contained in this Paragraph are

denied. Plaintiffs' Motion for Judgment by Default should be granted because Defendants

failed to timely plead or otherwise defend the claims presented in Plaintiff's Complaint as

provided under the Rules, and because Plaintiff's Complaint does not request damages that

are for a sum certain.

22.    Denied. The averments contained in this Paragraph constitute conclusions of

law to which no further response is required, and are therefore denied. By way of further

answer, Defendants erroneously recite the alleged standard for *setting aside* an entry of a

default judgment, rather than reciting the standard for entering a default judgment, which

is the relief requested in the instant Motion. Rule 55 permits the entry of a default

judgment where the defendant "has failed to plead or otherwise defend as provided by

these rules and that fact is made to appear by affidavit or otherwise." F.R.C.P. 55(a). Here,

Plaintiffs are clearly entitled to the entry of default judgment because Defendants have

failed to timely plead or otherwise defend the claims in Plaintiff's Complaint in accordance

with the Rules. Furthermore, even assuming, arguendo, that the alleged standards recited

by Defendants for setting aside the entry of a default judgment were applicable to Plaintiff's

Motion, Plaintiff would still be entitled to the entry of default judgment because the

Defendants have asserted no meritorious defenses to Plaintiff's claims and because

Defendants were clearly culpable in failing to file a timely response to Plaintiff's Complaint.

23.    Denied. Denied. The averments contained in this Paragraph constitute

conclusions of law to which no further response is required, and are therefore denied. By

way of further answer, Rule 55 does not require Plaintiff to demonstrate prejudice as a

result of Defendants' failure to file a timely answer to the Complaint in order to obtain the

11

entry of a default judgment.   Furthermore, even assuming, <u>arguendo</u>, that the alleged standards recited by Defendants for setting aside the entry of a default judgment were applicable to Plaintiff's Motion for Judgment by Default, Plaintiff would still be entitled to the entry of default judgment because the Defendants have asserted no meritorious defense and because the default was the result of the Defendants' culpable conduct.   Courts in the Third Circuit will uphold a default judgment even in the absence of prejudice, where the defendant fails to assert a meritorious defense and/or where the default was the result of the defendant's culpable conduct.   <u>See</u> <u>Single Story Double Wide Trailer</u>, 727 F.Supp. 149.

**WHEREFORE**, Plaintiff, Joe Gano, respectfully requests that the Court enter judgment by default in his favor and against the Defendants, Donald Mark Ehart and Spread Eagle, Inc., a Delaware Corporation formerly known as Red Eagle Avionics, Inc. in the minimum amount of $1,152,069.40 plus interest, additional damages, and equitable relief to be determined after hearing.

**FOX ROTHSCHILD LLP**

<u>/s/ Seth A. Niederman</u>
Seth A. Niederman, Esquire (No. 4588)
Sophia Siddiqui, Esquire (No. 4914)
Citizens Bank Center
919 N. Market Street, Suite 1300
Wilmington, DE  19801
(302) 654-7444

and

Wendy G. Rothstein, Esquire (PA I.D. No 37178)
1250 South Broad Street
P.O. Box 431
Lansdale, PA 19446-0431
(215) 699-6000
(215) 699-0231 (facsimile)

and

12

Todd B. Nurick, Esquire (PA I.D. No. 78847)
**Nurick Law Group**
111 West Germantown Pike
Plymouth Meeting, PA 19462
(610) 238-9000
(610) 238-9977 (facsimile)

*Attorneys for Plaintiff*

Dated:  July 9, 2007

WM1A 102675v2 07/09/07

*Exhibit "A"*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JOE GANO,<br><br>          Plaintiff,<br><br>      v.<br><br>DONALD MARK EHART and<br>SPREAD EAGLE, INC., a Delaware<br>Corporation formerly known as Red<br>Eagle Avionics, Inc.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)   No.   1:07-cv-00271<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF TODD B. NURICK, ESQUIRE

Todd B. Nurick, Esquire hereby deposes and says the following, subject to the penalties

of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities:

1.      I am an adult individual and I am counsel for Plaintiff, Joe Gano, in the above-

captioned matter.

2.      I am providing this Affidavit in support of Plaintiff's Reply to Defendants'

Opposition in Response to Plaintiff's Motion for Judgment by Default.

3.      I am an attorney with Nurick Law Group, a law firm with an office at 111 West

Germantown Pike, Plymouth Meeting, Pennsylvania 19462.

4.      I am admitted to practice law before the Supreme Court of Pennsylvania and all

courts of the Commonwealth of Pennsylvania and am an attorney in good standing.

5.      On June 29, 2007, I had two telephone conversations with John Wallen, Esquire

of the law firm of Cross & Simon, with respect to the above-captioned action.

LN1 274579v1 07/06/07

6.     In those telephone conversations, Mr. Wallen indicated that he had recently received a telephone call from his client, Donald Mark Ehart, regarding Defendants' receipt of Plaintiff's Motion for Judgment by Default.

7.     Mr. Wallen indicated that he had previously checked the court dockets on May 20, 2007 via DNS, and saw that the above-captioned action had been filed. Mr. Wallen further indicated that Cross & Simon did not enter an appearance or file a response on behalf of Defendants prior to June 29, 2007, that Cross & Simon had not been retained to represent Defendants in this action, that Cross & Simon had not received any form of payment to represent Defendants in this action, and that no fee agreement had been executed to create an attorney-client relationship between Defendants and Cross & Simon with respect to this action.

8.     Attorney Wallen further stated on June 29, 2007, that he had never advised Defendants that Cross & Simon was representing Defendants in this action or was going to file an Answer on behalf of Defendants.

9.     Until Attorney Wallen contacted me on June 29, 2007, after Defendants had received Plaintiff's Motion for Judgment by Default, Attorney Wallen never indicated to me or co-counsel that he and/or Cross & Simon were representing Defendants in the above-captioned action.

10.     On July 2, 2007, I sent an email to Attorney Wallen, summarizing the above-referenced statements that he made during our June 29, 2007 telephone conversations. Thereafter, Attorney Wallen attempted to retract his statements and provide a different explanation concerning the reasons for Defendants' failure to file a timely response to Plaintiff's Complaint, which explanation is similar to that contained in Defendants' Opposition in Response to Plaintiff's Motion for Judgment by Default, in which

LN1 274579v1 07/06/07

11.  At no time have Defendants or their counsel ever requested the undersigned for an extension of time in which to file an Answer or other response to Plaintiff's Complaint.

**Commonwealth of Pennsylvania**

**County of** Montgomery    } ss:

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 6th DAY
OF    July    , 2007.

_____
NOTARY

My Commission Expires on:  8/17/08.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Marjorie E. Donohue, Notary Public
Haverford Twp., Delaware County
My Commission Expires Aug. 17, 2008
Member  Pennsylvania Association Of Notaries

Todd B. Nuriek, Esquire

3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the attached pleading was served this 9th day

of July, 2007 on all parties by electronic filing and two (2) copies by hand delivery on the

following individuals:

Richard H. Cross, Jr., Esquire
John D. Wallen, Esquire
Cross & Simon, LLC
913 N. Market Street, 11th Floor
P.O. Box 1380
Wilmington, DE 19899-1380

/s/ Seth A. Niederman
Seth A. Niederman, Esquire (No. 4588)

WM1A 102681v1 07/09/07