## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JOE GANO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07-271 \*\*\*** |
| | ) | |
| | ) | |
| **DONALD MARK EHART and** | ) | |
| **SPREAD EAGLE, INC.,** | ) | |
| **a Delaware Corporation f/k/a** | ) | |
| **Red Eagle Avionics, Inc.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MOTION OF THE FAMILY COURT OF DELAWARE
### TO QUASH SUBPOENA FOR CONFIDENTIAL RECORDS

Comes now, the Family Court of Delaware, by and through undersigned counsel,

moving the Court pursuant to Rule 45 (c)(3)(A) of the Federal Rules of Civil Procedure

to quash the subpoena issued by the Plaintiff (Exhibit A attached hereto) on October 2,

2007, for the reasons set forth below.

1.      A subpoena (Exhibit A) served by the Plaintiff in this action on the

Records Custodian of the Family Court of the State of Delaware directs the production of

"…the entire family court [sic] file in the matter of *In Re:  the marriage of D. Mark Ehart*

*and Mary Beth Ehart,* file no. CN97-11486, excluding any documents related to

custody."  The subpoena specifically demands production of pleadings regarding support;

copies of tapes, recordings, and transcripts of hearings and other proceedings; the

financial report filed by the parties pursuant to Family Court Rule 16(c); and the pretrial

stipulation in the Family Court case.

2.      By statute, 13 *Del.C.* §1516, hearings and trials conducted by the Family

Court of the State of Delaware are private, and not subject to disclosure to those persons

lacking "a direct and legitimate interest in the particular case".  13 *Del.C.* §1516(a).

Subsection (d) of §1516, which bars impoundment or the denial of access to evidence,

was enacted solely to guarantee the Family Court litigants access to their own case.

*Husband, C., v. Wife, C.,* 320 A.2d. 717, 727 (Del. 1974).  The statute does not prevent

the Court from sealing the file from access by others.  *Id.*

3.      In this instance, the Family Court, in responding to a subpoena, is obliged

to protect the privacy interests of both parties who were before that Court:  the husband,

who is a defendant in the instant action in this Court; and the wife, who is not before this

Court in the present action.  The Delaware statute was enacted to protect that right of

privacy, consistent with the common law.  *Id.* at 722.

4.      Rule 45(c)(3)(A)(iii) grants this Court the authority to quash or modify a

subpoena if it "requires disclosure of privileged or other protected matter and no

exception or waiver applies".  The contents of the Family Court file sought here are

rendered privileged and confidential by statute.  Neither the husband, a defendant here,

nor the wife, who is not a party to this lawsuit, have been shown to have waived the

protection of the statute.  Disclosure of the broad range of documents sought should thus

be denied by this Court.

5.      Rule 45(c)(3)(A)(i) also permits this Court to quash or modify a subpoena

if it "fails to allow reasonable time for compliance".  Subsection (c)(2)(B) of the Rule

contemplates a procedure whereby a person served with a subpoena may serve written

objection within fourteen days, or before the time specified for compliance.  This

provision sets a benchmark for sufficiency of notice.  The instant subpoena was issued on

October 2, 2007, a scant ten days before the compliance date of October 12, 2007.  The

subpoena directs production of the entire file, plus tapes, recordings, and transcripts of

proceedings in the Family Court matter.  It is unreasonable to expect that such materials

could be produced within such a time frame, particularly where the privacy rights of the

Family Court litigants (set forth above) are at stake.

WHEREFORE, the Family Court of the State of Delaware seeks an Order of this

Court quashing the subpoena issued by the plaintiff, for the reasons set forth above.

**DEPARTMENT OF JUSTICE
STATE OF DELAWARE**

**/s/ Ralph K. Durstein III (#0912)**
Deputy Attorney General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8510
ralph.durstein@state.de.us

October 11, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **JOE GANO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07-271 \*\*\*** |
| | ) | |
| | ) | |
| **DONALD MARK EHART and** | ) | |
| **SPREAD EAGLE, INC.,** | ) | |
| **a Delaware Corporation f/k/a** | ) | |
| **Red Eagle Avionics, Inc.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>O R D E R</u>

**AND NOW**, this _____ day of October, 2007, the Family Court of

Delaware's Motion to Quash Subpoena for Confidential Records is hereby **GRANTED.**


_____
U.S. Magistrate Judge Mary Pat Thynge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JOE GANO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07-271 \*\*\*** |
| | ) | |
| | ) | |
| **DONALD MARK EHART and** | ) | |
| **SPREAD EAGLE, INC.,** | ) | |
| **a Delaware Corporation f/k/a** | ) | |
| **Red Eagle Avionics, Inc.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on October 11, 2007, he caused the attached, *Motion of the Family Court of Delaware to Quash Subpoena for Confidential Records* to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

**Sophia Siddiqui**
Fox  Rothschild LLP
919 North Market Street, Suite1300
P.O. Box 2323
Wilmington, DE  19899-2323
302-622-4278

**Richard H. Cross, Jr**
**Tara M DiRocco**
Cross & Simon, LLC
913 North Market Street
11th Floor
Wilmington, DE 19801

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

**/s/ Ralph K. Durstein III (#0912)**
Deputy Attorney General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8510
ralph.durstein@state.de.us

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

Joe Gano

V.

Donald Mark Ehart and Spread Eagle, Inc.

## SUBPOENA IN A CIVIL CASE

Case Number:[1] 07-271

TO:   Records Custodian/Clerk of Court
Family Court for the State of Delaware for New Castle Co.
500 North King St.
Wilmington, DE 19801

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Fox Rothchild | 10/12/07 @ 10:00A,M |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Sophia Siddiqui | 10/2/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Sophia Siddiqui, Esquire (I.D. No. 4914), Attorney for Plaintiff, Joe Gano
Fox Rothchild, LLP, 919 N. Market St. Wilmington, DE 19801, (302) 622-4278

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

                                                        _____
                                                        SIGNATURE OF SERVER

                                                        _____
                                                        ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to ·· ·graph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, t·· ···g, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronical ·· s·ored information, a person responding to a subpoena must produce the information in · ·· ·m or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## Exhibit A

Copies of the entire family court file in the matter of *In Re: the marriage of D. Mark Ehart and Mary Beth Ehart,* file no. CN97-11486, excluding any documents related to custody. Please provide copies of the following, including, but not limited to:

- Copies of all original Petitions for Support and any answers thereto;
- Petitions to Modify Support and any answers thereto;
- Copies of transcripts and proceedings related to the above,
- Decisions or Orders related to the above;
- Copies of any tapes, recordings, or transcripts of any support or modification of support hearing;
- A copy of the parties' Rule 16(c) Financial Report;
- A copy of the parties' Rule 52(d) Pretrial Stipulation; and
- Any other related documents.