IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOE GANO, | ) |
| | ) |
| Plaintiff | ) Case No. 07-271 |
| v. | ) |
| | ) |
| DONALD MARK EHART, and | ) |
| SPREAD EAGLE, INC., a Delaware | ) |
| Corporation formerly known as Red Eagle | ) |
| Avionics, Inc. | ) |

**DEFENDANTS' RESPONSE IN SUPPORT OF THE MOTION OF
THE FAMILY COURT OF DELAWARE TO QUASH
SUBPOENA FOR CONFIDENTIAL RECORDS**

Defendants Donald Mark Ehart and Spread Eagle, Inc., by and through their counsel, Cross & Simon, LLC, hereby file this Response in Support of the Motion of the Family Court of Delaware to Quash Subpoena for Confidential Records ("Motion to Quash"), agreeing the Motion to Quash, and in support thereof, respectfully state as follows:

1. Defendants support the Family Court's Motion to Quash. The documents sought by Plaintiff are not relevant to this litigation. Furthermore the documents requested are privileged pursuant to Family Court Rule 45 (c)(3)(A)(iii) and Donald Mark Ehart does not waive the privilege.[1]

2. Mary Beth Ehart ("Mrs. Ehart") and Donald Mark Ehart ("Mr. Ehart") were divorced in 1998. The business assets of Red Eagle Avionics, Inc. ("Red Eagle") were sold to David Cannavo ("Cannavo") on January 1, 2006. Due to the approximate eight (8) year gap in time, Mr. Ehart's opinion of the value of Red Eagle at the time of

---

[1] Defendants are not required to respond to the Motion to Quash but do so only out of an abundance of caution.

the divorce is irrelevant to the value of Red Eagle at the time its assets were sold to Cannavo.

3. Pursuant to several child support modification hearings held in 2002 and 2003, the Court reduced the amount of support Mr. Ehart was required to pay. Plaintiff claims that during the child support modification hearings, Mr. Ehart made representations about the value of Red Eagle and that he contended Red Eagle was not doing well. [2]

4. According to Mrs. Ehart's testimony, Mr. Ehart made no representations about the value of Red Eagle Avionics during the 2002 and 2003 child support modification hearings. [3] Furthermore, even if the Court assumes that Mr. Ehart represented that Red Eagle was not doing well in the 2002 and/or 2003 child support modification hearings, that testimony is irrelevant to sale of Red Eagle's assets in January 2006.

5. Both parties must waive privilege for the waiver to be effective. To date, neither Mrs. Ehart nor Mr. Ehart has agreed to waive the privilege.

6. Furthermore, it is unreasonable to propose that Plaintiff and Defendants sign a Confidentiality Agreement as it will not adequately protect either Mr. Ehart's or Mrs. Ehart's privacy.

7. Due to the privileged nature of the Family Court proceedings, the unlikelihood that the information sought by Plaintiff is contained in the Family Court file, and the broad range of documents sought by Plaintiff, it is unreasonable and unnecessary to give Plaintiff access to the requested Family Court documents.

---

[2] Plaintiff claims to get this information from Mrs. Ehart's deposition in the related Chancery Court case, C.A. 2379-VCS.
[3] *See* Mary Beth Ehart Dep.

**WHEREFORE,** Defendants support the Family Court of the State of Delaware in seeking an Order of this Court quashing the subpoena issued by the Plaintiff, for the reasons set forth above.

                                      **CROSS & SIMON, LLC**

                                      _/s/_
                                      Richard H. Cross, Jr. (No. 3576)
                                      Tara M. DiRocco (No. 4699)
                                      913 North Market Street
                                      11th Floor
                                      Wilmington, Delaware  19801
                                      302-777-4200
                                      302-777-4224 (fax)
                                      tdirocco@crosslaw.com
                                      Counsel for Defendant

Dated: November 5, 2007

**CERTIFICATE OF SERVICE**

I, Tara M. DiRocco, hereby certify that on November 5, 2007 a true and correct copy of **Defendants' Response in Support of the Motion of The Family Court of Delaware to Quash Subpoena for Confidential Records** was served upon the following individuals in the manner indicated.

| **VIA HAND DELVIERY**<br>Sophia Siddiqui, Esquire<br>Fox Rothschild LLP<br>Citizens Bank Center<br>919 N. Market Street, Suite 1300<br>P.O. Box 2323<br>Wilmington, DE  19899-2323<br><br>**VIA FIRST CLASS MAIL**<br>Todd B. Nurick, Esquire<br>Nurick Law Group<br>111 West Germantown Pike<br>Plymouth Meeting, PA 19462 | **VIA FIRST CLASS MAIL**<br>Wendy G. Rothstein, Esquire<br>Fox Rothschild LLP<br>1250 South Broad Street<br>P.O. Box 431<br>Lansdale, PA  19446-0341 |
|---|---|

CROSS & SIMON, LLC

_____
Richard H. Cross, Jr. (No. 3576)
Tara M. DiRocco (No. 4699)
913 N. Market Street, 11th Floor
Wilmington, Delaware 19801
(302) 777-4200
(302) 777-4224 (facsimile)
tdirocco@crosslaw.com

Dated: November 5, 2007                                Counsel for Defendants