IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOE GANO, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Civil Action |
| v. | ) No. 07-271 |
| | ) |
| DONALD MARK EHART and | ) |
| SPREAD EAGLE, INC., a Delaware | ) |
| Corporation, formerly known as | ) |
| Eagle Avionics, Inc., | ) |
| | ) |
|     Defendants. | ) |

### JOSEPH GANO'S ANSWER TO THE MOTION IN THE FAMILY COURT OF DELAWARE TO QUASH SUBPOENA FOR CONFIDENTIAL RECORDS

Joseph Gano, by his attorneys, Fox Rothschild, LLP and Nurick Law Group, submits the following Answer to the Motion in the Family Court of Delaware to Quash Subpoena for Confidential Records:

    1.    Admitted.

    2.    Admitted in part, denied in part. It is admitted that 13 Del. C. Section 1516 provides that Family Court hearings and trials shall be private. It is further denied that the right for the hearings to be private is not without limitation since, Section 1531(a) provides that a person who has a direct and legitimate interest in the particular case is entitled to be present at the hearing or trial. It is denied that Section 1516 prevents the compliance with the subpoena served in this case. To the contrary, Section 1516(d) provides "No record or evidence in any case shall be impounded or access thereto refused." It is respectfully submitted that Joseph Gano has a legitimate interest in the Family Court support proceedings as more fully set forth in his

Motion to Compel being filed today. By way of further answer, Family Court Rule 90.1 specifically provides that a Court may permit a person who has a legitimate interest in the records to have access to the records. See Family Court Rule 90.1 which is attached as Exhibit "A" and incorporated herein by reference.

    3. Denied. The allegations contained in paragraph 3 are denied as a conclusion of law to which no response is required. By way of further answer, the rights of the non-party in this case, Mary Beth Ehart, the wife, can be protected by redacting any personal identifiable information.

    4. Admitted in part, denied in part. It is admitted that the Court has authority to quash or modify the subpoena. It is denied that the documentation requested is a privileged or protected matter. By way of further answer, Section 1516 does not prohibit the release of the documentation requested. If the Court deems necessary, the subpoena can be modified to provide for the redaction of any personal identifiable information.

    5. Admitted in part, denied in part. It is admitted the Rule 45 permits the Court to allow additional time for compliance with a subpoena. It is denied that there is any necessity for the Court to enter an Order since sufficient time has passed and Joseph Gano is willing to provide any additional time, if necessary, for compliance with the subpoena. By way of further answer, it is respectfully submitted that the Motion to Quash was prematurely filed by the Family Court in that, if representatives of the Family Court had contacted Joseph Gano's counsel and requested additional time to comply with the subpoena, additional time would have been provided.

WHEREFORE, Joseph Gano requests that the Motion to Quash the Subpoena be denied.

          **FOX ROTHSCHILD LLP**

By:     /s/ Sophia Siddiqui
Sophia Siddiqui, Esquire (I.D. No. 4914)
919 N. Market Street, Suite 1300
Wilmington, DE 19899-2323
(302) 654-7444
(302) 656-8920 (facsimile)

and

Wendy G. Rothstein, Esquire (PA I.D. No 37178)
1250 South Broad Street
P.O. Box 431
Lansdale, PA 19446-0431
(215) 699-6000
(215) 699-0231 (facsimile)

and

**NURICK LAW GROUP**

Todd B. Nurick, Esquire (PA I.D. No. 78847)
111 West Germantown Pike
Plymouth Meeting, PA 19462
(610) 238-9000
(610) 238-9977 (facsimile)

Dated: November 9, 2007

# EXHIBIT A

Rule 71. The Court Administrator of the Delaware Supreme Court shall provide a copy to Disciplinary Counsel who shall be responsible for contacting Delaware counsel if the information contained in said copy is incomplete for purposes of this Rule.

(c) *Agreements between attorneys.* Agreements between attorneys will not be considered by the Court unless they are in writing and filed with the Clerk or stated on the record in the presence of the Court. (Amended, effective Apr. 1, 1987; Nov. 19, 1992, effective Dec. 21, 1992; Sept. 3, 1996; Sept. 12, 2002.)

**Withdrawal of counsel.** — Appointed attorney's motion for leave to withdraw from representing a father in a dependency proceeding was denied, despite the attorney's claims that the father harassed, annoyed, cursed, and threatened the attorney and his staff, refused to heed legal recommendations, and verbally fired the attorney on several occasions; though the father's behavior could be considered repugnant or unreasonably difficult enough to allow permissive withdrawal under Law. Prof. Conduct R. 1.16(b)(4) and (6), the concern that withdrawal could materially adversely affect the father's interests, and the child advocate's suggestion that allowing the attorney to withdraw could have an adverse impact on the best interests of the child, led to denial of the motion. In re Div. of Family Servs. v. M. P., — A.2d — (Del. Fam. Ct. May 25, 2005).

### Rule 90.1. Records; privacy.

(a) Without the permission of the Court, no complaint or other paper instituting an action and no paper ordered to be served shall be released for examination or publication by the Clerk or by the sheriff until a return showing service on all designated parties is made to the Clerk.

(b) If service is to be made on a nonresident, the material shall not be released, without the permission of the Court, until at least 10 days after any required mailing.

(c) All records of proceedings before the Court shall be private and shall not be open or available to anyone except (1) the Court and its staff, or (2) the parties and their attorneys, or (3) other courts and public agencies, or (4) persons specifically approved by the Court because they have a legitimate interest in the records, subject in all events to such reasonable restrictions, conditions or limitations as the Court may impose.

(d) Examination of court records is also governed by instructions to the Clerk from the Court.

### Rule 90.2. Sealing records.

Upon motion by a party who is subject to the Court's jurisdiction or any other person who may be affected, the Court may order sealed all or part of the legal and social files, records of the Court and any private or confidential records of a party if the Court determines such action to be for the best interest of the party or person affected.

### Rule 90.3. Transcripts.

(a) Upon payment of the required fee, a party to any proceeding in this Court, or the party's authorized attorney, shall be entitled to a transcript of such proceeding unless the tapes have theretofore been erased in accordance with the Court's archiving or retention policy. The party must in all cases furnish a copy of such transcript to the Court.

(b) Any party to any proceeding, or the party's authorized attorney, may listen to, but not copy, any tape-recorded hearing of that proceeding on the premises of Family Court at such times and under such conditions as the Court may from time to time determine. (Added, effective Sept. 1, 1993.)

IN THE FAMILY COURT OF THE STATE OF DELAWARE

ORDER AMENDING RULE 90.1

OF THE FAMILY COURT RULES OF CIVIL PROCEDURE

This 4th day of June, 2007, **IT IS ORDERED THAT:**

Rule 90.1 of the Family Court Rules of Civil Procedure shall be amended as follows:

Rule 90.1 Records; privacy

1. Subsection (c) shall be amended as follows:

   "Unless otherwise required by statute or rule, all records of proceedings before the Court shall be private and shall not be open or available to anyone except (1) the Court and its staff, or (2) the parties and their attorneys, or (3) other courts and public agencies, or (4) persons specifically approved by the Court because they have a legitimate interest in the records, subject in all events to such reasonable restrictions, conditions or limitations as the Court may impose."

2. This amendment shall be effective 30 days after notice to members of the Bar.

BY THE COURT:

_____
Chandlee Johnson Kuhn
Chief Judge

_____
Judge Jay H. Conner

_____
Judge Kenneth M. Millman

_____
Judge William N. Nicholas

_____
Judge William J. Walls, Jr.

_____
Judge Mark D. Buckworth

_____
Judge William L. Chapman, Jr.

_____  _____
Judge Aida Waserstein            Judge Barbara D. Crowell

_____  _____
Judge Peter B. Jones             Judge Mardi F. Pyott

_____  _____
Judge John E. Henriksen          Judge Robert B. Coonin

_____  _____
Judge Arlene Minus Coppadge      Judge Michael K. Newell

_____  _____
Judge Alan N. Cooper             Judge Joelle P. Hitch

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOE GANO,<br><br>    Plaintiff,<br><br>v.<br><br>DONALD MARK EHART and<br>SPREAD EAGLE, INC., a Delaware<br>Corporation, formerly known as<br>Eagle Avionics, Inc.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)   Civil Action<br>)   No. 07-271<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>ORDER</u>**

AND NOW, this _____ day of _____, 2007,

IT IS ORDERED AND DECREED that the Motion to Quash the Family Court Subpoena is hereby DENIED.

BY THE COURT:

_____
UNITED STATES MAGISTRATE JUDGE